FILED
___ O'clock & ___ min___ M
JUN 3 0 2006
United States Bankruptcy Court
Columbia, South Carolina (19)
ENTERED
JUN 3 0 2006
J.G.S.

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 06-00888-JW |
|---|---|
| Yvonne Jefferson Fleming and Kirt Levern Fleming, | Chapter 13 |
| Debtor(s). | ORDER |

This matter comes before the Court for confirmation of a proposed Chapter 13 plan filed by Yvonne Jefferson Fleming and Kirt Levern Fleming ("Debtors") and the objection of Debtors' Chapter 13 Trustee ("Trustee"). Based upon the facts of the case and applicable law, this Court makes the following Findings of Facts and Conclusions of Law.[1]

### FINDINGS OF FACT

1. Debtors were debtors in a prior bankruptcy case that was pending within the year before the filing of this case and which was dismissed on December 15, 2005.

2. Debtors filed this case under Chapter 13 of the Bankruptcy Code on March 5, 2006. According to 11 U.S.C. § 362(c)(3)(A),[2] the automatic stay in Debtors' case was scheduled to expire thirty days after the petition date unless extended pursuant to § 362(c)(3)(B). See In re Jupiter (Jupiter I), C/A No. 06-00963-W, slip op. at 11-12 (Bankr. D.S.C. Jun. 21, 2006) (interpreting § 362(c)(3)(A) as providing for a complete termination of the automatic stay); In re Jumpp, ___ B.R. ___, C/A No. 06-40677-JBR, 2006 WL 1731172 (Bankr. D. Mass Jun. 23, 2006) (finding the automatic stay terminates with respect to property of the estate under § 362(c)(3)(A)).

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

[2] Since this case was filed after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (codified in scattered sections of 11 U.S.C.) ("BAPCPA"), the Court shall only refer to the current version of the Bankruptcy Code (11 U.S.C. § 101 et seq.) as amended by the BAPCPA.

3.  Debtors timely moved to extend the automatic stay; however, they failed to prosecute the motion and the motion was therefore denied.

4.  The automatic stay terminated on April 4, 2006 pursuant to § 362(c)(3)(A).

5.  Due to the termination of the automatic stay, the Trustee opposes the confirmation of Debtors' proposed Chapter 13 plan. In stating his objection at the confirmation hearing, the Trustee acknowledged that Debtors' proposed plan met the requirements of § 1325; however, he is concerned that the absence of the automatic stay would expose property of the estate to collection efforts during the administration of the plan and thus disrupt the order of distributions set forth in the plan. In addition, the Trustee cites language in Debtors' plan, modeled after the form plan required in this District by SC LBR 3015-1, which may effect distribution in light of the absence of the automatic stay.[3]

6.  The following language is included in Debtors' proposed plan and the form plan required in this District:

> Any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the chapter 13 trustee, unless an itemized proof of claim for any deficiency is filed within a reasonable time after the removal of the property from the protection of the automatic stay.

See SC LBR 3015-1, Exhibit A.

7.  Debtors' creditors did not object to confirmation.

8.  Debtors argue that the lack of the automatic stay is not sufficient grounds to deny confirmation.

---

[3] The trustee did not raise any other issues in opposition to confirmation of Debtors' proposed plan, so only this point will be addressed herein.

2

## **CONCLUSIONS OF LAW**

A review of the Bankruptcy Code indicates that the existence of the automatic stay is not a prerequisite to the confirmation of a Chapter 13 plan. See 11 U.S.C. § 1325(a) (the protection of automatic stay is not listed as a requirement for confirmation of a Chapter 13 plan). The plain language of § 1325(a) mandates confirmation if Debtors meet the nine requirements set forth therein. Congress did not mandate the dismissal of a case or the denial of confirmation if the automatic stay terminated prior to confirmation pursuant to § 362(c)(3) or (4) and therefore the Court finds that the termination of the automatic stay does not necessarily deprive a debtor of the right to continue under Chapter 13, obtain confirmation of a plan, and ultimately obtain a discharge if the debtor complies with the terms of the plan. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 109 S.Ct. 1026 (1989) (holding that when the language of a statute is clear, courts should not substitute their judgment for that of Congress and should enforce the statute according to its terms).

In addition to the ability of a debtor to confirm a plan in the absence of a stay, confirmation of a Chapter 13 plan may prevent a creditor, who obtained relief from the automatic stay prior to confirmation, from exercising state law rights after confirmation to the extent that the provisions of a confirmed Chapter 13 plan conflict with and/or replace the creditor's pre-confirmation rights. See 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."). See also, In re Kurtzhan, ___ B.R. ___, C/A No. 05-90815, Adv. No. 06-3316, 2006 WL 1495191, at *3 (Bankr. D. Minn. June 1, 2006) (holding, in a post Reform Act case where the automatic stay terminated pursuant to § 362(c)(3)(A) but the debtor obtained confirmation, that "[c]onfirmation

3

thus bound [creditor] to its due under the plan's terms, and not according to its pre-petition contractual expectancies- and any previously-effective termination of the stay as it had applied to [creditor] did not affect that."); In re Sullivan, 321 B.R. 306, 308 (Bankr. M.D. Fla. 2005) (holding "[i]n the instant case, although [creditor] obtained relief from the automatic stay, it failed to object or appeal from the Confirmation Order. Accordingly, [creditor] is bound by the Confirmation Order.").

Finally, regarding the plan provisions directing the Trustee to pay secured creditors and the language limiting his ability to pay absent a stay, the Court finds no inconsistency. The form plan language was initially designed only to provide direction to the Trustee and other parties in the event that a secured creditor's collateral is removed from the stay "by judicial action, voluntary surrender, or through operation of the plan" after a plan is confirmed because such an event materially alters the distribution to creditors. This language is intended to allow the Trustee to adjust distributions without a formal post-confirmation plan amendment. The initial inclusion of this language in the form plan neither anticipated the changes by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 nor was intended to address the termination of the stay under § 362(c)(3) or (4) prior to confirmation. Therefore, the plan language referenced herein does not prevent distributions to secured creditors, despite the termination of the stay prior to confirmation pursuant to § 362(c)(3)(A).

Accordingly, in light of the foregoing, the Court concludes that the confirmation of Debtors' proposed Chapter 13 plan should not be denied based solely upon the absence of the automatic stay. Debtors' proposed plan appears to meet the requirements for confirmation and

therefore shall be confirmed by separate order. The Trustee shall make distributions according to the terms of the plan as interpreted herein.[4]

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 3ᵒ, 2006

---

[4] Due to the importance of consistency in rendering significant decisions under BAPCPA, all bankruptcy judges in this District have reviewed and concur with this opinion.